# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30029

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RENOUNTE ABDUL JACKSON,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CR-15-2

Before DAVIS, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Renounte Abdul Jackson pleaded guilty to two counts of abusive sexual contact of a minor, in violation of 18 U.S.C. § 2244(a)(3). The district court sentenced him to consecutive prison terms of 13 and 14 months, and to a five-year term of supervised release. As a special condition to his supervised release, Jackson is prohibited from having "contact

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30029

with anyone under the age of eighteen, except his child, with adult supervision."[1] On appeal, Jackson asserts that (1) the district court committed procedural error, (2) his sentence is substantively unreasonable, and (3) the special condition to his supervised release is overly broad.

## I. FACTS AND PROCEEDINGS

A grand jury indicted Jackson on three counts: Count One, violating 18 U.S.C. § 2243(a), sexual abuse of a minor and Counts Two and Three, violating 18 U.S.C. § 2244(a)(3), abusive sexual contact of a minor.  Jackson pleaded guilty to Counts Two and Three in exchange for the government's agreeing to dismiss Count One after sentencing.  The presentence report calculated a guidelines range of 21 to 27 months.

Jackson filed written objections to the presentence report, claiming that the offense conduct section should not reflect that he allegedly had sexual intercourse with one of the victims or that he allegedly threatened one of the victims following the offense. Jackson also objected to the application of U.S.S.G. § 2A3.2 to his sentence via the cross reference in § 2A3.4(c)(2), because the offense of conviction did not include a sexual act and the stipulated factual basis for his guilty plea did not support such a finding.

At the sentencing hearing, Jackson re-urged his written objections, which the district court overruled. Relying on the Section 3553(a) factors, Jackson also contended that the court should impose a sentence of 10 to 16 months based on his relative youth, his acceptance of responsibility, and the fact that he would have to register as a sex offender for 25 years.  The court did not respond to Jackson's contentions in support of a lower sentence; rather,

---

[1] Jackson misstates this condition as prohibiting him from having contact with anyone under 18, except his child, *without* adult supervision. The condition clearly states, however, that Jackson may have supervised contact only with his child, and that he may not have any contact, supervised or unsupervised, with anyone else under 18. We address his arguments as applied to that reading.

No. 14-30029

it stated: "In determining the particular sentence to be imposed in this case, I've considered the factors contained in 18 U.S.C. § 3553 and the sentencing guidelines." In her written statement of reasons, the sentencing judge adopted the presentence report without change and noted additional facts justifying the sentence imposed: Jackson had a prior conviction for theft of government property, he had previously violated the terms of his probation, and he had admitted to using marijuana while on probation.

On appeal, Jackson raises three points of error: (1) The district court procedurally erred by failing to address Jackson's asserted reasons in support of a shorter sentence and by neglecting to state the reasons for the imposed sentence in open court, (2) the imposed sentence is substantively unreasonable under the facts and circumstances of the case, and, (3) the special condition prohibiting Jackson from having contact with anyone under the age of eighteen, except his child with adult supervision, is overly broad and constitutes a deprivation of liberty.[2]

## II.    ANALYSIS

### A.    Procedural error

Jackson asserts that the district court procedurally erred because it failed to explain the specific reasons for the sentence it imposed and neglected to address Jackson's contentions in support of a shorter sentence. Jackson did not object on the grounds of procedural error in court, so we review for plain error.[3] "We may not provide relief unless there was (1) error, (2) that is plain, and (3) that affects substantial rights. Even when these elements are met, we

---

[2] Jackson does not challenge the application of U.S.S.G. § 2A3.2 to his sentence on appeal.

[3] *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

No. 14-30029

have discretion to correct the forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."[4]

At sentencing, "[t]he district court must make an individualized assessment based on the facts presented."[5] It should consider the factors in 18 U.S.C. § 3553(a) in light of the parties' arguments, and may not presume that the range set forth in the Sentencing Guidelines is reasonable.[6] "The district court must adequately explain the sentence 'to allow for meaningful appellate review and to promote the perception of fair sentencing.'"[7] "A sentence within the Guidelines range will require little explanation, but where a party presents non-frivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments."[8] "At a minimum, '[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'"[9] This articulation requirement "also applies to a district court's decision whether to impose a consecutive or concurrent sentence."[10]

In *United States v. Mondragon-Santiago*, we held that the district court committed procedural error when it "did not directly address the [defendant's] arguments before reciting the Guidelines calculation and range and choosing a sentence within that range." Neither "did [the sentencing court] . . . mention

---

[4] *United States v. Tang*, 718 F.3d 476, 482−83 (5th Cir. 2013) (internal citations and quotation marks omitted).

[5] *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

[6] *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

[7] *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)); *see also* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence.").

[8] *United States v. Rouland*, 726 F.3d 728, 732 (5th Cir. 2013) (alteration in original) (internal citations and quotation marks omitted).

[9] *United States v. Tisdale*, 264 F. App'x 403, 411 (5th Cir. 2008) (alterations in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

[10] *United States v. Gore*, 298 F.3d 322, 325 (5th Cir. 2002).

any § 3553(a) factors at all."[11]  In so holding, we distinguished *Mondragon-Santiago* from other cases in which we had concluded that the sentencing courts did not commit procedural error because they had "acknowledged that § 3553(a) arguments had been made and devoted a few words to rejecting them."[12]

Applying the plain error standard of review, we conclude the court did not procedurally err.  Before imposing Jackson's sentence, the judge stated: "In determining the particular sentence to be imposed in this case, I've considered the factors contained in 18 U.S.C. § 3553 and the sentencing guidelines."  She indicated in her written statement of reasons that she had adopted the presentence report without change.  As noted, she also listed additional facts that justified the sentence imposed: Jackson had a prior conviction for theft of government property, had violated the terms of his probation, and had admitted to using marijuana while on supervised probation.  We therefore reject Jackson's contention that the court procedurally erred by failing to state the reasons for the sentence imposed, or to respond to his statements seeking a sentence of 10 to 16 months.[13]

Even if we were to assume *arguendo* that the sentencing court committed procedural error, we would hold that such error does not warrant reversal because Jackson has not shown that the error affects his substantial rights.  To make that showing, Jackson must demonstrate that the error affected the outcome in the district court.[14]  A showing that substantial rights have been

---

[11] *Mondragon-Santiago*, 564 F.3d at 362; *id.* at 364.

[12] *Id.* at 363 (collecting cases).

[13] In *United States v. Gore*, we held that the sentencing court did not procedurally err by failing to explain its departure from the sentencing guidelines in open court because it later offered a written explanation following the recommendation in the presentence report: "Gore . . . cannot show plain error, because the written statement of reasons points to the PSR . . . . [t]his reference is sufficient to allow meaningful appellate review." 298 F.3d at 325.

[14] *Mondragon-Santiago*, 564 F.3d at 364.

affected requires a demonstration that there is a reasonable probability that, but for the district court's failure to explain the sentence adequately, Jackson would have received a lesser sentence.[15]

Jackson contends that the district court's procedural error affected his substantial rights.  He asserts that, as he requested a specific sentence of 16 months, this court should distinguish his case from *Mondragon-Santiago* because there the defendant asked only for a downward departure. Jackson also submits that the district court's decision to impose consecutive sentences implicates the additional judicial requirements of Section 3584(b).

We conclude that this case is not meaningfully distinguishable from *Mondragon-Santiago*, in which we held that the district court's inadequate explanation did not warrant reversal of a sentence within the guidelines range because the defendant failed to show that an adequate explanation would have led to a different sentence.[16]   Neither do we find compelling Jackson's contention that the consecutive nature of his sentence distinguishes it from "conventional" plain error sentences.[17]  Even if we were to assume that the district judge committed procedural error, we would nevertheless hold that such error does not warrant reversal because Jackson has not shown that it affected his substantial rights.

## B.    Substantive reasonableness

Jackson objected to the substantive reasonableness of his sentence at his hearing, and he raises this objection again on appeal.  Jackson asserts that because his offense was an inappropriate act fueled by hormones, but without malicious intent, a 27-month term of imprisonment is unreasonably long.

---

[15] *See id.* at 364-365.

[16] *See id.* at 365.

[17] *See Gore*, 298 F.3d at 325 ("We have repeatedly held that the failure to articulate [the decision whether to impose a consecutive or concurrent sentence] in open court is not plain error.").

Jackson also contends that this court should not accord a presumption of reasonableness to his within-guidelines sentence because it comprises consecutive terms of imprisonment.

We review the substantive reasonableness of a sentence for abuse of discretion.[18] As a starting point, "[t]his court applies a rebuttable presumption of reasonableness to a properly calculated, within-guidelines sentence."[19] This presumption applies to the district court's decision to impose sentences that are within the proper advisory guidelines range consecutively.[20] The presumption is "rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."[21]

Jackson has failed to rebut the presumption of reasonableness attached to his sentence. He pleaded guilty to two counts of abusive sexual contact with a minor. The offense occurred a few days before Jackson turned twenty. One of the minor victims testified at the sentencing hearing that Jackson was aware that she was thirteen at the time of the offense. Although Jackson was in fact nineteen years old at the time, he told the victim that he was sixteen or seventeen. That same victim testified that Jackson had sex with her at a house party, despite her first asking him to stop. The district judge heard this testimony and Jackson's arguments in mitigation at the sentencing hearing. She concluded that a sentence within the guidelines range was appropriate. Because Jackson's contention on appeal amounts to a "disagreement with the propriety of the sentence imposed,"[22] it does not rebut the presumption of

---

[18] *United States v. Alvarado*, 691 F.3d 592, 596 (5th Cir. 2012).
[19] *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).
[20] *United States v. Candia*, 454 F.3d 469, 471 (5th Cir. 2006).
[21] *Cooks*, 589 F.3d at 186.
[22] *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

No. 14-30029

reasonableness that we accord to a sentence imposed within the guidelines range.[23]

## C.    Special condition

Jackson challenges the special condition to his term of supervised release prohibiting him from having contact with anyone under the age of eighteen, except his own child, and then with adult supervision.  He contends that the special condition is overly broad because it will require him to avoid any place where he might come into contact with children, such as stores, restaurants, churches, and libraries, as well as transportation facilities such as airports and bus or train stations.  As Jackson did not object to the special condition in the district court, we review it for plain error.[24]

A condition of supervised release "must be related to one of four factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crime of the defendant, and (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."[25]  In addition, "the condition cannot impose any 'greater deprivation of liberty than is reasonably necessary' to advance

---

[23] We also reject Jackson's contention that we should decline to apply the presumption of reasonableness to his sentence because the district judge imposed consecutive terms. Although Jackson objected to the substantive reasonableness of his sentence, he did not object to its consecutive nature.  As such, it is unclear whether he preserved this objection for appellate review. We need not determine whether we should apply plain error review, however, because Jackson's contention also fails under the abuse of discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (declining to determine the correct standard of review under similar circumstances); *Candia*, 454 F.3d at 473 ("We hold that a rebuttable presumption of reasonableness also applies to a consecutive sentence imposed within the parameters of the advisory federal guidelines.").

[24] *See United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013).

[25] *Id*. (internal quotation marks and alterations omitted) (quoting 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B)−(D)).

deterrence, protect the public from the defendant, and advance the defendant's correctional needs."[26]

In *United States v. Paul*, we interpreted a restriction on "indirect contact with minors" to exclude "chance or incidental encounters," such as in a restaurant or retail establishment.[27] We agreed with the Third Circuit that "'associational conditions do not extend to casual or chance meetings.'"[28] In *United States v. Windless*, we considered a condition prohibiting the defendant from having "direct or indirect contact with any children under the age of 18, unless accompanied and supervised by an adult."[29] In a holding that creates tension with *Paul*, we agreed with the defendant that the "direct and indirect" condition would "effectively prohibit him from going to the grocery store unaccompanied."[30]   Under *Paul*, we interpret the reach of Jackson's condition on contact with children to exclude incidental encounters in public places.[31]  As interpreted, *Windless* is distinguished from the instant case.  Moreover, the need to restrict Jackson's contact with children is stronger in his case than it was in *Windless*. We emphasized in *Windless* that the defendant was being sentenced only "for failing to register as a sex offender; the offense that required him to register [was] not of recent origin; and since that offense, he [had] committed no other crimes against minors."[32] By contrast, Jackson's condition of supervised release is based on his recent abusive sexual contact of two minors.  The seriousness of Jackson's recent crime supports the need to

---

[26] *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2013) (citations and internal quotation marks omitted).

[27] 274 F.3d 155, 166 (5th Cir. 2001).

[28] *Id*. (quoting *United States v. Loy*, 237 F.3d 251, 269 (3d Cir. 2001)).

[29] 719 F.3d 415, 419 (5th Cir. 2013).

[30] *Id*. at 422.

[31] *See United States v. Tex. Tech. Univ.*, 171 F.3d 279, 287 n.9 (5th Cir. 1999) ("Where two panel decisions conflict, the prior decision constitutes the binding precedent.).

[32] *Windless*, 719 F.3d at 422.

separate him from children for a limited time. And, Windless preserved his argument on appeal,[33] but Jackson did not. We therefore review the district court's imposition of the condition for plain error, and we conclude that the court committed none. Given the seriousness of Jackson's offense and his intimidation of his victim, a restriction on his contact with minors for five years is not unreasonable.[34]

Finally, Jackson asserts that the restriction on his contact with minors is impermissibly vague. "Restrictions on an offender's ability to interact with particular groups of people . . . must provide 'fair notice' of the prohibited conduct."[35] Jackson contends that the restriction does not provide adequate clarity regarding who can qualify as adult supervision. Jackson's position is unpersuasive; we have upheld conditions of supervised release that call for adult supervision of contact with children.[36] In addition, the general prohibition on Jackson's contact with minors is not impermissibly vague when construed to exclude incidental contact.[37] The district court did not plainly err in restricting Jackson's contact with minors during his term of supervised release.

---

[33] *Id.*

[34] We have upheld similar restrictions in cases involving child pornography and sexual offenses against minors. *See United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013) (affirming a restriction on contact with minors without prior written permission of the probation officer); *Ellis*, 720 F.3d at 225−27 (affirming a lifetime ban on non-incidental contact with minors); *Paul*, 274 F.3d at 165 (upholding a condition that prohibited non-incidental contact with minors and required avoidance of places that minors frequent).

[35] *See Paul*, 274 F.3d at 166-167 (quoting *Loy*, 237 F.3d at 262).

[36] *See United States v. Rodriguez*, 558 F.3d 408, 418 (5th Cir. 2009) (affirming a condition that barred the defendant from associating with minors except under the supervision of an adult designated by the probation officer).

[37] *See Paul*, 274 F.3d at 166 (upholding against a vagueness challenge a condition instructing the defendant to avoid "places, establishments, and areas frequented by minors").

No. 14-30029

## III.  CONCLUSION

Jackson has not established any reversible error with respect to his sentence or condition of supervised release. The judgment of the district court is, in all respects, AFFIRMED.