# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30454
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY BERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CR-164-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gary Berry appeals the within-guidelines 168-month sentence imposed following his guilty plea conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Berry argues that his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of § 18 U.S.C. § 3553(a). Although he contends that the application of the child pornography Guideline, U.S.S.G. § 2G2.2, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its enhancements resulted in an unreasonable sentence, he does not claim that the district court erred in applying the enhancements, improperly calculated his guidelines sentencing range, or otherwise committed a procedural error. Instead, he argues that a presumption of reasonableness should not apply to within-guideline sentences imposed pursuant to § 2G2.2, and that even if the presumption applies to his sentence, the facts and mitigating circumstances of his case are sufficient to overcome the presumption.

Berry concedes that his contention that a presumption of reasonableness should not apply to sentences imposed under § 2G2.2 is foreclosed by *United States v. Miller*, 665 F.3d 114, 119-23 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2773 (2012); *see also United States v. Ellis*, 720 F.3d 220, 228 (5th Cir.), *cert. denied*, 134 S. Ct. 681 (2013) (finding that a similar challenge to a sentence under § 2G2.2 was foreclosed by *Miller*).  As for his challenge to the substantive reasonableness of his sentence, Berry has preserved that issue by raising it in his sentencing memorandum, which was considered by the district court.  We review the reasonableness of a sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2010).

To the extent that Berry advances that the Guideline applicable to his receipt offense overstates the seriousness of the receipt of child pornography, he challenges the Guideline and not the district court's balancing of the sentencing factors.  As such, the district court was within its discretion to reject a contention that is essentially a policy disagreement with the Guidelines.  *See Miller*, 665 F.3d at 122-23.  He also argues that his sentence is unreasonable because the district court failed to consider several mitigating factors regarding his personal history and circumstances, including the fact that he is a first-time felony offender and that his treating clinical psychologist was of

the opinion that he was making progress in an outpatient sexual offender program.

The assertion that the district court failed to consider mitigating factors is not supported by the record. Even if mitigating factors and circumstances could have justified a lesser sentence, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). That the district court decided to give less weight to the fact of Berry's improvement was within the court's discretion. *See id.* The record reflects that the district court implicitly considered a number of mitigating factors, but concluded that the § 3553(a) factors, which it expressly referred to in imposing the sentence, did not warrant a sentence below the Guidelines. That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51; *see Miller*, 665 F.3d at 119-23.

Finally, Berry has failed to rebut the presumption of reasonableness that applies to his within-guidelines sentence by failing to show that it "does not account for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.