# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30822
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLINTON DEWAYNE SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CR-130

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Clinton Dewayne Smith appeals his sentence following his guilty plea to distribution of child pornography and receipt of child pornography in violation of 18 U.S.C § 2252 (a)(2). Smith's total offense level of 43 was determined by application of U.S.S.G. § 2G2.2(a)(2) and (b). Although he had no criminal history points under the Sentencing Guidelines, Smith's prior criminal history involved sexual exploitation of minors. He acknowledged that he produced the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30822

images involved in the offense of conviction, images which included photographs of the genitalia of his disabled daughter. Smith also was extensively involved with the online child pornography community, and he encouraged others to produce child pornography. Based upon a total offense level of 43 and a criminal history category of I, the guideline imprisonment range was life imprisonment; however, because the statutory maximum sentence was 20 years on each count, the guideline imprisonment range became 240 months per count, or 480 months. The district court sentenced Smith to the guideline imprisonment range.

"Appellate review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (internal quotation marks and citation omitted). Where, as here, the sentence is within the guidelines range, this court employs an abuse of discretion standard of review, and the sentence is afforded a presumption of reasonableness that is rebutted only upon a showing that the sentence does not account for a § 3553(a) factor that should receive significant weight, gives significant weight to an irrelevant or improper factors, or represents a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011).

Smith's assertion that the district court's sentence should not be afforded a presumption of reasonableness is without merit. The district court was within its authority to order consecutive sentences for each of Smith's separate offenses, and because the sentences fell within the advisory guidelines range, they were entitled to a presumption of reasonableness. *See United States v. Candia*, 454 F.3d 468, 473-74 (5th Cir. 2006) (noting a court's authority to

impose consecutive sentences for different offenses, even if they are imposed in a single proceeding and that "a rebuttable presumption of reasonableness also applies to a consecutive sentence imposed within the parameters of the advisory federal guidelines"); *see also* U.S.S.G. § 5G1.2(d) (mandating consecutive sentences where the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment).   As he concedes, Smith's argument that a sentence imposed upon application of § 2G2.2 should not be afforded a presumption of reasonableness is foreclosed by *United States v. Miller*, 665 F.3d 114, 119-23 (5th Cir. 2011), which held that a sentence imposed pursuant to § 2G2.2 is entitled to a presumption of reasonableness. *See also United States v. Ellis*, 720 F.3d 220, 228 (5th Cir.) (finding similar challenge to the sentence foreclosed by *Miller*), *cert. denied*, 134 S. Ct. 681 (2013).

Smith's challenge to the substantive reasonableness of his sentence also is without merit.   First, Smith's characterization of the severity of his offense is inaccurate.   Smith's "nude" pictures of his daughter included a close up image of her genitalia.   Further, the relevant conduct associated with Smith's offense included his heavy involvement with the child pornography community, his encouragement of others to produce child pornography, and his past criminal behavior, which included the physical victimization of minors. Although he suggests that his sentence is in disparity with other similar defendants, Smith cites no cases establishing this fact.   In sum, Smith has failed to meet his burden of showing that the district court's presumptively reasonable sentence was an abuse of discretion.   *See Scott*, 654 F.3d at 555. Accordingly, the judgment of the district court is AFFIRMED.