# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50661
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

RUBEN ESPINDOLA-PINEDA,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 2:13-CR-999-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ruben Espindola-Pineda pleaded guilty of illegal reentry and was sentenced within the advisory guidelines range to 51 months of imprisonment and three years of supervised release. On appeal he claims his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50661

Espindola-Pineda contends that U.S.S.G. § 2L1.2 is flawed because it lacks an empirical basis and results in the double-counting of a criminal record. He maintains that his sentence is greater than necessary to fulfill the statutory sentencing goals for his nonviolent offense and does not account for his difficult childhood and his sympathetic reason for reentering the country.

We have rejected Espindola-Pineda's theory that § 2L1.2 results in double-counting, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), and that his sentence is greater than necessary to meet the 18 U.S.C. § 3553(a) goals because illegal reentry is a nonviolent offense involving only "the act of crossing a line," *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). We have rebuffed the argument that within-guidelines sentences calculated under § 2L1.2 should not be presumed reasonable on appeal because § 2L1.2 lacks an empirical basis. *United States v. Ellis*, 720 F.3d 220, 228 (5th Cir.), *cert. denied*, 134 S. Ct. 681 (2013). Espindola-Pineda can rebut the presumption only by showing that his sentence fails to account for a factor that should receive significant weight, gives significant weight to an improper or irrelevant factor, or represents a clear error of judgment in balancing the factors. *See United States v. Tuma*, 738 F.3d 681, 695 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2875 (2014).

The district court heard the parties' positions, considered the § 3553(a) factors, and concluded that the sentence was appropriate. Espindola-Pineda has not shown that his difficult childhood and sympathetic motive for reentry were factors not accounted for in the sentence that should have received great weight. Because Espindola-Pineda has not rebutted the appellate presumption that his within-guidelines sentence was reasonable or demonstrated that it is the result of an abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), the judgment is AFFIRMED.