# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2013

No. 12-10162

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

TODD WAYNE ELLIS,

Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CR-35-1

Before JOLLY, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Todd Wayne Ellis pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). He appeals several conditions of his supervised release. We AFFIRM.

**I**

As a result of a lead from a different investigation, law enforcement agents downloaded videos depicting child pornography through a peer-to-peer network and discovered Ellis's computer was the source of the videos. Law

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10162

enforcement agents then executed a search warrant of Ellis's residence while Ellis was present. Ellis admitted his use of the peer-to-peer network for child pornography.

The agents interviewed Ellis's 19-year-old nephew, R. Brecheisen, while conducting the search. Brecheisen, who along with his immediate family resided in another home on Ellis's property, revealed that Ellis molested him on the property when he was 12 or 13 years old. Brecheisen also revealed Ellis molested his cousin and another boy. Brecheisen's father then corroborated these statements and added that Ellis molested Brecheisen's brother along with the other boys when they were all 12 or 13 years old. In addition, the agents found dozens of videos and images depicting child pornography on Ellis's computer.

Ellis was charged with one count of receipt and distribution of child pornography and one count of possession of child pornography. He pleaded guilty to only the possession charge pursuant to a plea agreement. His pre-sentence report ("PSR") indicated he is certified as a registered polysomograph technician and was previously employed in that capacity. The PSR also indicated Ellis reported he was sexually abused as a child but never received counseling. The PSR included Brecheisen's and Brecheisen's father's allegations, to which Ellis objected as untrue in his written objections to the PSR. In an addendum, the PSR indicated that Brecheisen told the agents he installed a lock on his door at age 17 because of his apprehension of Ellis's continued sexual propositions. The probation officer who prepared the PSR contacted Brecheisen, who confirmed the abuse but refused to elaborate further.

No. 12-10162

At sentencing, Ellis objected to the testimony of the officer who interviewed Brecheisen and his father on hearsay and Confrontation Clause grounds. The district court overruled the objection and the agent testified that Brecheisen said the abuse occurred on several occasions, included Ellis touching Brecheisen's genitals and engaging in oral sex, and continued for a long time. The agent testified that Brecheisen said Ellis propositioned him when he was 17 years old and made a sexually explicit comment to him when he was 18 years old, and, as a result, Brecheisen put a lock on his door. The district court sentenced Ellis to the statutory maximum of 120 months of incarceration and a lifetime of supervised release.

The district court imposed seven conditions of supervised release that are relevant to this appeal. They are as follows:

> The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e. clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least 5.00 per month.

> The defendant shall have no contact with persons under the age of 18, including by correspondence, telephone, internet, electronic communication, or through third parties. The defendant also shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate, without prior permission of the probation officer. Furthermore, the defendant shall not date or befriend anyone who has children under the age of 18, without prior permission of the probation officer.

3

No. 12-10162

The defendant shall not have any form of unsupervised contact with persons under the age of 18 at any location, including but not limited to, the defendant's residence, place of employment, and public places where minors frequent or congregate, without prior permission of the probation officer.

The defendant shall neither possess nor have under his/her control any sexually oriented, or sexually stimulating materials of adults or children. This may include visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

The defendant shall not possess, have access to, or utilize a computer or internet connection device including, but not limited to Xbox, PlayStation, Nintendo, or similar device without permission of the court.

The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $5.00 per month.

The district court stated lifetime supervised release "will ensure that [Ellis] compl[ies] with the sex offender registration law and not have access to children" and "[s]ex offender and treatment conditions are recommended because of the nature of the offense." Ellis's counsel objected "[t]o the lifetime of supervision and the conditions therein as being excessive," which the district court overruled. Ellis timely appealed.

**II**

We review substantive reasonableness challenges to conditions of supervised release for abuse of discretion. *United States v. Miller*, 665 F.3d 114, 126 (5th Cir. 2011). "To preserve error, an objection must be sufficiently specific

No. 12-10162

to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). If an error was not preserved, our review is for plain error so "we must determine (1) if there was error, (2) if it was plain, (3) if the error affects substantial rights, and (4) if allowing that error to stand seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Alvarado*, 691 F.3d 592, 598 (5th Cir. 2012).

## III

A district court's discretion in imposing conditions of supervised release, though extensive, is subject to statutory requirements. *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). The conditions of supervised release must be related to one of four factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need . . . to afford adequate deterrence to criminal conduct;" (3) "the need . . . to protect the public from further crime of the defendant;" and (4) "the need . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3583(d)(1), 3553(a)(1) and (2)(B)–(D); *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (explaining a condition of release "must be reasonably related to one of four factors"). In addition, the conditions may not impose a "greater deprivation of liberty than is reasonably necessary for the purposes set forth in" § 3553(a). 18 U.S.C. § 3583(d)(2). Ellis appeals the conditions recounted above, and we address each in turn.

No. 12-10162

## A

Ellis appeals six conditions on the grounds that they are not reasonably related to the § 3553(a) factors and are a greater depravation of liberty than necessary under § 3583(d)(2). Because Ellis objected before the district court, our review is for abuse of discretion. *Miller*, 665 F.3d at 126. We are not convinced any of his challenges on these grounds have merit.

First, Ellis appeals the special condition that he not "possess, have access to, or utilize a computer or internet connection device . . . without prior approval of the court." Contrary to Ellis's concern in his brief, modern devices such as cars and appliances do not come under the purview of the ban because the categorical term "computers" is subject to a "commonsense understanding of what activities the categor[y] encompass[es]." *Paul*, 274 F.3d at 167. However, restrictions on Internet and computer use are often imposed in cases involving child pornography, and this circuit has routinely upheld such restrictions. *E.g. Miller* 665 F.3d at 126, 133–34 (holding district court did not abuse discretion in imposing twenty-five year ban on computer use without probation office approval); *see also* U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(d)(7)(B) (2011) ("A condition limiting the use of a computer or an interactive computer service [is recommended] in cases in which the defendant used such items.").

Second, Ellis appeals the condition requiring him to "have no contact with persons under the age of 18, including by correspondence, telephone, internet, electronic communication, or through third parties." This circuit has affirmed bans on contact with children. *E.g. United States v. Rodriguez*, 558 F.3d 408, 417–18 (5th Cir. 2009) (affirming three-year prohibition on unsupervised contact with children, including the defendant's own daughter); *United States v.*

6

*Buchanan*, 485 F.3d 274, 287–88 (5th Cir. 2007) (affirming three-year ban on unsupervised contact with children without exception for permission from probation officer). Ellis's ban does not contain an exception for permitted contact and is, along with the other conditions, for life. Importantly, however, it references activities by which Ellis could initiate and carry on regular contact with children. By contrast, the condition in the subsequent paragraph, which prohibits "unsupervised contact . . . at any location" without permission, makes clear that Ellis may in fact request permission from his probation officer for incidental contact in locations such as his place of work should the need arise.

Third, Ellis appeals the condition that prohibits him from "access to or loiter[ing] near school grounds, parks, arcades, playgrounds, amusement parks, or other places where children may frequently congregate" and from "seek[ing] or maintain[ing] employment or volunteer work at any location . . . where persons under the age of 18 congregate, without prior permission of the probation officer." Although it is true there is no evidence Ellis targeted children in public places, his crime and the evidence of past molestation is sufficient reason for the district court to be concerned with his access to children absent permission. *See Paul*, 274 F.3d at 167 ("The supervised release conditions restricting Paul's contact with minors . . . are reasonably necessary in light of the nature and circumstances of Paul's offense and the legitimate need to prevent recidivism and protect the public.").

Fourth, Ellis appeals as not related to public safety the condition that he not "date or befriend anyone who has children under the age of 18, without prior

permission of the probation officer."[1]  This restriction is reasonably related to public safety because "Congress has made clear that children . . . are members of the public it seeks to protect." *Rodriguez*, 558 F.3d at 417.  Even though the conditions contain separate restrictions on contact with minors, the evidence showed Ellis has a proclivity to use close relationships to reach children, as he reached Brecheisen and his brother through his relationship with their family. Therefore, restricting his contact with other adults who have minor children is related to public safety.  *Cf. United States v. Wolf Child*, 699 F.3d 1082, 1099 (9th Cir. 2012) (holding restriction on contact with defendant's own children and his fiancee who has minor children substantively unreasonable but stating "if a defendant has a proclivity for sexual violations of familial relationships . . . such a condition may be appropriate").

Fifth, Ellis appeals the condition prohibiting him from possessing sexually stimulating material because the ban could encompass works of art and literature and prevent him from patronizing establishments such as grocery stores that may sell such material.  This circuit has repeatedly stated conditions of supervised release, including "sexually oriented or sexually stimulating materials," should "be read in a commonsense way."  *United States v. Phipps*, 319 F.3d 177, 193 (5th Cir. 2003) (citing *Paul*, 274 F.3d at 166–67).  "Such a construction compels us to disagree with defendants' suggestion that the condition could apply to newspapers and magazines that contain lingerie advertisements or even to the 'Song of Solomon.'  Moreover, the prohibition on patronizing sexually oriented establishments refers, with sufficient precision, to

---

[1]Ellis appeals this condition on vagueness grounds as well, which we address below. *See* Part III.B *ante*.

places such as strip clubs and adult theaters or bookstores." *Phipps*, 319 F.3d at 193. The same "commonsense" understanding applies here. *Id.*

In addition, Ellis asserts this condition is not reasonably related to his offence. Because Ellis's crime was sexual in nature it was reasonable for the district court to restrict Ellis's access to sexually stimulating material more broadly in an effort to prevent future crimes or aid in his rehabilitation. *See United States v. Boston*, 494 F.3d 660, 668 (8th Cir. 2007) ("Given Boston's history of sexual offenses and the desire to deter him from this conduct in the future, the condition in prohibiting his access to sexually explicit material involving adults is not overly broad."); *see also Miller*, 665 F.3d at 136 (holding, where defendant's videos included both children and adults and condition forbade access to adult pornography, "[e]ven were we to review for an abuse of discretion . . . the district court would not have abused its discretion").

Sixth, Ellis appeals the condition requiring him to participate in mental health and sex offender treatment programs, particularly the possibility he might be required to submit to psychotropic medication and psycho-physiological testing, including penile plethysmographic testing. This challenge is not ripe for review because Ellis may never be subjected to such medication or testing. *See United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003). If he is required to submit to such medication or testing, he may petition the district court for a modification of his conditions. 18 U.S.C. § 3583(e)(2); FED. R. CRIM. P. 32.1(c); *see United States v. Rhodes*, 552 F.3d 624, 628–29 (7th Cir. 2009) ("As the condition is stated, there is a fair amount of discretion regarding the techniques to be utilized. . . . [W]e would do well to await a more concrete presentation of

No. 12-10162

the issue. Regardless, Rhodes can later petition the district court to modify the condition." (citations omitted)).

In addition, Ellis appeals on the ground that the cumulative effect of all these conditions is a greater depravation of liberty than necessary. This circuit has repeatedly stated that the district court is in a far better position to determine the proper terms of supervised release, provided it does so within its statutory authority. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360–61 (5th Cir. 2009). Moreover, since we have determined that none of these conditions are unreasonable, their cumulative effect is not unreasonable. Accordingly, we decline to hold the district court abused its discretion.

**B**

Ellis appeals the condition that he not "date or befriend anyone who has children under the age of 18, without prior permission of the probation officer" on vagueness grounds. The Government does not defend this condition in its brief. Because he did not object on vagueness grounds before the district court, our review is for plain error. *Alvarado*, 691 F.3d at 598.

While a condition need not spell out in excruciating detail the prohibited conduct, "[r]estrictions on an offender's ability to interact with particular groups of people . . . must provide fair notice of the prohibited conduct." *Paul*, 274 F.3d at 166 (internal quotation marks omitted). With that in mind, we hold any error in imposing this condition is not plain because it is not "clear or obvious."[2] *United States v. Wilcox*, 631 F.3d 740, 752 (5th Cir. 2011); *cf. United States v.*

---

[2]Had Ellis objected in the first instance, it is clear at least the term "befriend" is vague and may have been subject to vacatur and remand to the district court for greater specificity. The district court, in its sole discretion, may want to consider rephrasing this condition with greater specificity to avoid any future questions.

No. 12-10162

*Reeves*, 591 F.3d 77, 81 (2d Cir. 2010) (holding it is "impossible to agree on the proper application of a release condition triggered by entry into a 'significant romantic relationship.' What makes a relationship 'romantic,' let alone 'significant' in its romantic depth, can be the subject of endless debate that varies across generations, regions, and genders."). "[A]ppellate courts give considerable deference to the judgment of the district court when conducting plain error review." *Wilcox*, 631 F.3d at 751–52. Accordingly, we hold the district court did not commit plain error in imposing this condition.

## IV

Ellis asserts his Confrontation Clause rights were violated because the district court sentenced him based on testimonial hearsay statements made by his nephew to law enforcement agents without affording Ellis an opportunity to cross-examine his nephew. U.S. CONST. amend VI. This assertion is foreclosed by our precedent. *United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007) (holding Confrontation Clause does not apply at sentencing and district court may rely on hearsay).

## V

Ellis asserts his sentence is substantively unreasonable because the applicable Guideline lacks an empirical basis and regularly produces sentences that are higher than necessary to achieve the goals specified in § 3553(a). U.S. SENTENCING GUIDELINES MANUAL § 2G2.2 (2011). This issue is foreclosed by our precedent. *Miller*, 665 F.3d at 121 ("Empirically based or not, the Guidelines remain the Guidelines."); *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009) (rejecting the notion that this court should examine empirical basis behind each Guidelines provision before applying presumption of reasonableness).

No. 12-10162

**VI**

For these reasons, we AFFIRM.