# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 21, 2013

No. 12-30881
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR STAMPER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CR-23-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Oscar Stamper appeals the 480-month sentence imposed following his guilty-plea conviction for receiving child pornography. Additionally, Stamper has filed pro se two motions to appoint substitute counsel, to strike the brief filed on his behalf by defense counsel, and for discovery of a detective's initial exam of his computer and a forensic report of his computer.

The outstanding motions are DENIED. Stamper complains of difficulty communicating with defense counsel; the Federal Public Defender responded by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

explaining the communications efforts.  Neither Stamper's motions nor his counsel's response demonstrates that "there is a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel."  Fifth Circuit Plan Under the Criminal Justice Act, § 5B; *see* 18 U.S.C. § 3006A(c).  As Stamper continues to be represented by counsel, he does not have the right to hybrid representation or simultaneous representation by himself and counsel. *See United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999).

As to the merits of the appeal, Stamper suggests that we reevaluate our holding in *United States v. Miller*, 665 F.3d 114, 119-23 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2773 (2012), that U.S.S.G. § 2G2.2 is entitled to a presumption of reasonableness in light of a 2012 United States Sentencing Commission Report that criticizes § 2G2.2.  We may not overrule *Miller* absent an en banc or superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).  Additionally, we have repeatedly held that challenges to the presumption of reasonableness of § 2G2.2 are foreclosed by *Miller. See, e.g.*, *United States v. Ellis*, ___ F.3d ___, No. 12-10162, 2013 WL 3156007, at *6 (5th Cir. May 20, 2013).

Next, Stamper contends that his sentence is substantively unreasonable based on the facts and circumstances of his case.  He points to the staleness of his prior convictions that increased the statutory minimum sentence and contends that his offense did not involve contact with minors or the distribution of child pornography.  Additionally, he argues that a lower sentence was necessary to avoid unwarranted sentencing disparities given that defendants who engaged in significantly more egregious conduct have received lower sentences than him.

The district court was aware of these allegedly mitigating circumstances but concluded that a sentence of 480 months was warranted due to Stamper's history of engaging in sexual abuse or exploitation of a minor, his current offense

conduct, and the need to protect the public from his further crimes. Stamper has failed to show that any sentencing disparity was unwarranted given that he provides no information regarding the other defendants' records. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Accordingly, he has failed to rebut the presumption of reasonableness that is accorded to his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.