# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 21, 2013

Lyle W. Cayce
Clerk

No. 13-10020
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES R. MARKWITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-138-1

Before DAVIS, SOUTHWICK, and HIGGINGSON, Circuit Judges.

PER CURIAM:[*]

James R. Markwith pled guilty to one count of transporting and distributing a visual depiction of a minor engaging in sexually explicit conduct, intending that the depiction would be imported into the United States. The district court sentenced Markwith to 240 months imprisonment to be followed by a lifetime term of supervised release. Markwith appeals the imposition of two special conditions of supervised release. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Markwith asserts that we should review the conditions for an abuse of discretion, he fails to note that he raised no objection to the supervised release conditions in the district court. We review instead for plain error. *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

Markwith first asserts that the special condition that he have no contact with persons under 18 is excessive and infringes on his right of association. Although acknowledging that we upheld a similar no-contact ban in *United States v. Rodriguez*, 558 F.3d 408, 417-18 (5th Cir. 2009), he contends that his case is distinguishable because there is no provision to seek prior approval by a probation officer, the condition is for life, and his prior sex offense is disputed.

As an initial matter, Markwith's contention that his prior sex offense is disputed is without merit. The presentence report provides that he admitted to FBI agents that he had sexually abused his minor stepdaughter and that he recorded a video of his fiancée's minor daughter while she was changing clothes. There is nothing in the record indicating that he disputed this information.

With respect to the lifetime nature of the no-contact provision and the lack of exception for prior approval, we upheld a similar condition in *United States v. Ellis*, 720 F.3d 220, 225-26 (5th Cir. 2013), where, as here, a separate condition permitted approval for incidental contact with children. Although the provision in this case for prior approval is not identical to that in *Ellis*, we conclude that any error there may have been is not clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if we were to find clear or obvious error, Markwith fails to address whether such error affects his substantial rights or why this court should exercise its discretion to correct the error. Thus, we decline to correct any error. *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010).

Markwith also challenges the condition that he not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks, or other places where children frequently congregate without advance approval by his

probation officer.  According to Markwith, there is no evidence that he ever sought out children in such public places.  However, in *Ellis*, 720 F.3d at 226, we concluded that the defendant's child pornography offense, together with evidence that he had molested children in the past, supported a similar condition despite the lack of evidence that the defendant had targeted children in public.  Given Markwith's child pornography offense, his sexual abuse of his minor stepdaughter, and his recording of his fiancée's minor daughter, there was no abuse of discretion – and certainly no clear or obvious error – in the imposition of the condition.  *See id.*  We likewise reject Markwith's contention that the conditions are cumulatively excessive.  *See id.* at 227.

AFFIRMED.