# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 25, 2013

Lyle W. Cayce
Clerk

No. 12-10982
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADAM JOSHUA CORTEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-280-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Adam Joshua Cortez of attempting to entice a minor, via the internet and a cellular telephone, to engage in illegal sexual activity and with committing that offense while a registered sex offender. The district court sentenced him to a total term of 360 months of imprisonment, to be followed by a lifetime term of supervised released. Cortez now appeals.

Cortez did not object to the special conditions of his release in the district court. Accordingly, we will review Cortez's challenges to the conditions for plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error only. *See United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013), *petition for cert. filed* (Aug 16, 2013) (No. 13-5918).

On appeal, Cortez argues that the district court erred by imposing excessively onerous special conditions of supervised release in his case. He contends that the conditions individually and cumulatively are a greater deprivation of liberty than necessary under 18 U.S.C. § 3583(d)(2). Cortez specifically challenges the conditions (1) restricting his use of computers and the internet, (2) banning him from contact with persons under the age of 18, (3) banning him from places where children may frequently congregate, (4) conditionally restricting him from dating or befriending anyone with children under the age of 18 who live at home, (5) banning him from possessing sexually oriented or sexually stimulating materials of adults, (6) banning him from patronizing any place where sexually oriented or sexually stimulating materials are available, and (7) requiring him to participate in treatment programs that may include psycho-physiological testing and prescribed medications.

Cortez's challenge to the special condition requiring to participate in treatment programs is not ripe for appeal. *See Ellis*, 720 F.3d at 227. The remaining conditions imposed in Cortez's case are similar to those this court upheld in *Ellis*. *See id.* at 225-27. Cortez has offered no convincing argument to distinguish the conditions imposed in his case from those this court found to be appropriate in *Ellis*. Given Cortez's solicitation offense, and the pornography found on his computer, the district court did not err, much less commit plain error, in imposing those conditions. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.