# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JON LESLIE LYONS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-190-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jon Leslie Lyons pleaded guilty to three counts of receipt of child pornography and one count of possession of child pornography and received a sentence of 120 months in prison, to be followed by a lifetime term of supervised release. As a condition of supervised release and as relevant to the instant appeal, Lyons was prohibited from accessing the Internet or using any type of device to do so without obtaining the written permission of the court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11241

Lyons maintains that a lifetime ban on computer and internet access, subject to court approval, is overly intrusive and onerous; that the condition is not narrowly tailored and is greater than necessary to deter future actions and protect the public; and that the ban proscribes his rights under the First Amendment.  We review Lyons's challenge for an abuse of discretion.  *See United States v. Rodr*iguez, 558 F.3d 408, 412 & n.3 (5th Cir. 2009).  "[R]estrictions on Internet and computer use are often imposed in cases involving child pornography, and this circuit has routinely upheld such restrictions."  *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir.), *cert. denied*, 134 S. Ct. 681 (2013); *see also United States v. Miller*, 665 F.3d 114, 126, 133-34 (5th Cir. 2011) (upholding a conditional 25-year ban); *United States v. Locke*, 482 F.3d 764, 766, 768 (5th Cir. 2007) (upholding similar ban against First Amendment challenge).  The record supports the district court's conclusion that the conditions were appropriate in light of the statutory factors.  Consequently, there is no abuse of discretion in the district court's imposition of the lifetime computer and internet ban.

AFFIRMED.