# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31216
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL SONNIER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CR-59-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael Sonnier pleaded guilty to possession of child pornography and was sentenced within the guidelines range to 120 months of imprisonment and a life term of supervised release. On appeal, he contends that the 120-month sentence is substantively unreasonable because the district court failed to consider various mitigating factors regarding his personal history and characteristics, and thus the sentence is greater than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Sonnier also challenges the district court's imposition of a special condition of supervised release prohibiting him from contact with anyone under the age of 18.

Sonnier's within-guidelines sentence is afforded a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). After considering Sonnier's arguments for a sentence at the low end of the guidelines range, and, with specific reference to the § 3553(a) sentencing factors and the Sentencing Guidelines, the district court concluded that a sentence of 120 months of imprisonment was appropriate. "We traditionally entrust sentencing to the discretion of district courts, which are close to the ground and more cognizant of the details of the offender and offense that should be determinative of the sentence." *United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011) (internal quotation marks and citation omitted). The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Considering the totality of the circumstances as we must, we concluded that Sonnier has failed show that the district court abused its discretion, or otherwise erred, in setting his sentence. *See id.*; *Rita v. United States*, 551 U.S. 338, 359-60 (2007).

In regard to the above-referenced condition of supervised release, Sonnier contends that the ban on contact with persons under age 18 is overly broad, imposes a greater deprivation of his liberty than is reasonably necessary, and does not provide fair notice of the prohibited conduct. As Sonnier did not object to those conditions in the district court, our review is for plain error only. *See United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir.), *cert. denied*, 134 S. Ct. 681 (2013).

No. 13-31216

When, in *Ellis*, we were faced with similar facts and applied the abuse-of-discretion standard, we affirmed the imposition of a substantially similar special condition as part of lifetime supervised release.  720 F.3d at 224-26; *see also United States v. Paul*, 274 F.3d 155, 165-66 (5th Cir. 2001) (construing ban on indirect contact with minors as not extending to chance or incidental encounters with children).  We conclude here that any error that there may have been is not clear or obvious.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Moreover, even assuming *arguendo* that we were to find clear or obvious error, Sonnier has failed adequately to address whether such putative error would affect his substantial rights or why we should exercise our discretion to correct it.  *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010).

AFFIRMED.