# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2015

Lyle W. Cayce
Clerk

No. 14-11309
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SCOTT BRANDON HUTCHESON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:14-CR-59

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Scott Brandon Hutcheson appeals the sentence following his guilty plea conviction for aiding and abetting the transportation of child pornography.

Hutcheson maintains that the district court plainly erred in its relevant conduct determination. He contends that the district court should not have treated his prior uploading to YouTube of a video involving child pornography as relevant conduct that could be used to determine the number of images

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involved in this offense for purposes of an enhancement pursuant to U.S.S.G. § 2G2.2(b)(7)(A).  The record reflects that the previous uploading of the video and the instant offense both involved the transportation of child pornography, concerned images of young boys, and shared a modus operandi of electronically transmitting child pornography over the internet to appear on social-media websites.  Because the prior uploading of the video was connected to the instant offense by at least one common factor, it was part of a "common scheme or plan" and was relevant conduct for purposes of the Sentencing Guidelines.  *See* U.S.S.G. § 1B1.3(a)(2).  Hutcheson therefore cannot show clear or obvious error by the district court.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Furthermore, Hutcheson argues that the district court erred in requiring that he submit to plethysmograph testing as a special condition of supervised release.  He concedes that this argument is foreclosed by circuit precedent, but he raises it to preserve it for further appellate review.  Hutcheson is correct that his argument is foreclosed by *United States v. Ellis*, 720 F.3d 220, 227 (5th Cir.), *cert. denied*, 134 S. Ct. 681 (2013), which held that a defendant's challenge to a supervised release condition requiring him to participate in a sex offender treatment program, which included the possibility of submitting to psycho-physiological testing, was not ripe for review on direct appeal.  A panel of this court may not overrule the decision of another without en banc reconsideration or a superseding Supreme Court decision.  *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

AFFIRMED.