# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51108
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HARRIS JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-90

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

William Harris Jones was convicted by a jury of using a cellular phone and the internet to attempt to coerce and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The district court sentenced Jones to 120 months of imprisonment and 10 years of supervised release and imposed the following special conditions of supervised release: a prohibition on sexually oriented materials; a prohibition on alcohol consumption; a prohibition on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

residing where firearms are kept; a requirement that Jones submit to treatment and abide by the treatment program rules, including submitting to polygraph testing; and a prohibition on using or possessing a computer, the internet, or an internet-enabled device without prior written permission of the probation officer.  Jones contends, for the first time on appeal, that these conditions do not meet the statutory requirements and the district court failed to adequately explain its reasons for imposing these conditions.

We review Jones's claims of error for plain error.  *See United States v. Tang*, 718 F.3d 476, 482 (5th Cir. 2013); *United States v. Miller*, 665 F.3d 114, 134 (5th Cir. 2011).  A district court's discretion in imposing conditions of supervised release is subject to the requirements of 18 U.S.C. § 3583(d). *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013).  Because it is debatable whether the aforementioned conditions satisfy these statutory requirements, any errors in their imposition are not plain.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Olano*, 507 U.S. 725, 734 (1993). Assuming arguendo that the district court plainly erred by not adequately explaining its reasons for imposing the aforementioned conditions, any error did not affect Jones's substantial rights because Jones has not shown that providing reasons would have changed the outcome.  *See Tang*, 718 F.3d at 483.

The judgment of the district court is AFFIRMED.