# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2016

Lyle W. Cayce
Clerk

No. 15-10937
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS VELASQUEZ-HUIPE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CR-58-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Luis Velasquez-Huipe pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. 1326(a) and (b)(2). The district court sentenced Velasquez-Huipe to a within-guidelines sentence of 65 months in prison to be followed by three years of supervised release. For the first time on appeal, Velasquez-Huipe argues that the district court erred in imposing a term of supervised release in a case involving a deportable alien without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10937

providing fact-specific reasons for its decision to deviate from U.S.S.G. § 5D1.1(c)'s recommendation that supervised release not be imposed in such circumstances. We review this argument for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012).

The district court retains the discretion to impose supervised release in "uncommon cases [involving a deportable alien] where added deterrence and protection are needed." *Id.* at 329. In sentencing Velasquez-Huipe, the district court specifically stated that supervised release was imposed as an additional potential sanction should Velasquez-Huipe attempt to return illegally. Consequently, Velasquez-Huipe has shown no error, much less plain error, on the part of the district court in imposing a term of supervised release. *See id.* at 329-30; *see also United States v. Becerril-Pena*, 714 F.3d 347, 349-51 (5th Cir. 2013).

Velasquez-Huipe also argues that the district court erred in requiring that he submit to plethysmograph testing as a special condition of supervised release. He concedes that this argument is foreclosed by circuit precedent, but he raises it to preserve it for further appellate review. Velasquez-Huipe is correct that his argument is foreclosed *by United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013), which held that a defendant's challenge to a supervised release condition requiring him to participate in a sex offender treatment program, which included the possibility of submitting to psycho-physiological testing, was not ripe for review on direct appeal. A panel of this court may not overrule the decision of another without en banc reconsideration or a superseding Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

AFFIRMED.

2