# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60683
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RAY HILDERBRAND,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:07-CR-23-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ray Hilderbrand challenges a condition of supervised release imposed upon the revocation of his prior term of supervised release which followed his conviction for knowingly receiving child pornography. According to Hilderbrand, the condition, which prohibits him from "congregat[ing] at places frequented by minors," is unconstitutionally vague and broader than reasonably necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60683

Because Hilderbrand made no objection to the condition at sentencing, we review only for plain error, giving "considerable deference to the judgment of the district court." *United States v. Ellis*, 720 F.3d 220, 227-28 (5th Cir. 2013) (per curiam) (quoting *United States v. Wilcox*, 631 F.3d 740, 751 (5th Cir. 2011)).

As to his challenge that the condition is overbroad, "it is well established that associational conditions do not extend to casual or chance meetings." *United States v. Paul*, 274 F.3d 155, 166 (5th Cir. 2001) (quoting *United States v. Loy*, 237 F.3d 251, 269 (3d Cir. 2001)). This court's construction of such associational limitations thus belies Hilderbrand's assertion.

Similarly, the common sense application of the constitutional requirement of fair notice means that district court was not required "to describe every possible permutation, or to spell out every last, self-evident detail." *Id.* at 167 (quoting *United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1994)). As in *Paul*, there exists "sufficient common understanding" of the sorts of locations considered to be "frequented by minors" to meet "the constitutional requirement of reasonable certainty." *Id.* The nature of Hilderbrand's offense of possession of child pornography and his revocation offense of having contact with and enticing a minor both indicate that the restriction on his congregating in locations frequented by minors was reasonably necessary to protect the public from further crimes. *See* 18 U.S.C. §§ 3553(a)(2), 3583(d)(2); *Paul*, 274 F.3d at 167. The district court did not clearly or obviously err in imposing the condition. *See Ellis*, 720 F.3d at 228.

The judgment of the district court is AFFIRMED.