# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50406
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAWRENCE WOODS, also known as Dion Starr,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:15-CR-32-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lawrence Woods pleaded guilty of receipt of child pornography (Count 8SS) and possession of child pornography (Count 9SS), and he was sentenced within the guidelines range to a 240-month term of imprisonment for Count 8SS and to a consecutive 120-month term of imprisonment for Count 9SS. He was ordered to serve concurrent 10-year periods of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50406

Woods contends that the district court failed to give adequate consideration to the fact that he suffers from Post-Traumatic Stress Disorder (PTSD) related to his military service in Iraq.  Although he concedes that this condition "never received therapy or proper diagnosis," Woods asserts that the district court erred in failing to address expressly "the apparent PTSD in the context of" U.S.S.G. § 5H1.3, p.s.

The district court adopted the probation officer's finding that there was "no indication [Woods] is currently suffering from any mental or emotional problems," and Woods has failed to show that the information in the presentence report was unreliable.  *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).  The record does not reflect that Woods suffered from a mental or emotional condition that was present to an unusual degree or that distinguishes this case from the typical case covered by the Guidelines.  *See* § 5H1.3, p.s.

Although Woods complains that the district court did not consider his personal characteristics, criminal history, military service, and employment record, those factors were discussed in the presentence report, and Woods has not shown that the district court's sentence did not account for them.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Woods has not rebutted the presumption that his within-guidelines sentence was substantively reasonable.  *See id.*

The court imposed a special condition of supervised release limiting Woods's access to the internet.  Woods argues that this condition is overbroad and will limit his employment opportunities.  Our review of this contention is for plain error.  *See United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013). This court has routinely upheld such restrictions in child pornography cases.

No. 16-50406

*Id.* at 225; *see also* U.S.S.G. § 5D1.3(d)(7)(B).  He has shown no error, plain or otherwise.  The judgment is

AFFIRMED.