# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-40139
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT LEE PRESAS,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-126-1

————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Robert Lee Presas, federal prisoner # 41912-179, appeals the sentence imposed following the most recent revocation of his term of supervised release, which was based on his arrest for again assaulting his long-time companion, Michelle Llamas. Presas challenges a special condition of supervised release imposed by the district court that prohibits him from all contact with Llamas or her family without the prior written consent of the probation officer.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40139

"A district court has wide discretion in imposing terms and conditions of supervised release." *United States v. Paul,* 274 F.3d 155, 164 (5th Cir. 2001). The sentencing court may impose "any . . . condition it considers to be appropriate" so long as the condition "is reasonably related" to certain sentencing factors set forth in 18 U.S.C. § 3553(a), it "involves no greater deprivation of liberty than is reasonably necessary," and it "is consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d). In the instant case, Presas argues that this condition is overly broad and it involves a greater deprivation than reasonably necessary of his liberty interest in maintaining an intimate relationship with Llamas. We review the imposition of a discretionary condition of supervised release for an abuse of discretion. *United States v. Ellis,* 720 F.3d 220, 224 (5th Cir. 2013).

We conclude that the district court did not abuse its discretion in imposing this condition. This condition prohibits Presas from contacting only a small group of people, it applies only during the two years he will be on supervised release, and he may contact Llamas by obtaining the written consent of his probation officer. We also note that, because the record suggests that Presas and Llamas seem unable to avoid violence in their relationship, a condition prohibiting contact without the prior authorization of the probation officer serves a dual purpose of protecting Llamas from future assaults and preventing Presas from again violating the conditions of his supervised release.

AFFIRMED.