# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30559
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY MOORE ALSTON, JR., also known as Boosie,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CR-125-2

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Larry Moore Alston, Jr., pled guilty, pursuant to a plea agreement, to one count of conspiring to distribute and to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of methamphetamine. He received a 225-month prison sentence, which he now challenges on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30559

Alston asserts that the district court violated the Confrontation Clause by relying on laboratory reports to assess the purity of the methamphetamine attributable to him at sentencing, and cites *Crawford v. Washington*, 541 U.S. 36 (2004), and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).  Alston did not raise this argument in the district court.  Regardless, he has shown no error, plain or otherwise, because the Confrontation Clause does not apply at sentencing.  *See United States v. Ellis*, 720 F.3d 220, 228 (5th Cir. 2013).

To the extent Alston argues that, based on all the evidence amassed during discovery, plea negotiations, and rearraignment, his offense level should have been calculated based on a finding that the offense involved a mixture containing methamphetamine and not actual methamphetamine, he has not demonstrated that the district court clearly erred.  *See United States v. Rodriguez,* 666 F.3d 944, 947 (5th Cir. 2012).  Where a defendant pleads guilty to an offense involving a mixture or substance containing methamphetamine, the "offense level [is] determined by the weight of the pure methamphetamine in the mixture or substance if doing so would result in a higher offense level." *United States v. Molina*, 469 F.3d 408, 414 (5th Cir. 2006) (citing U.S.S.G. § 2D1.1(c) n.B).  The presentence report's reliable, unrebutted findings as to the purity of the methamphetamine attributable to Alston, which were based on laboratory reports provided by the Government, were sufficient to support the court's offense level determination.  *See United States v. Koss*, 812 F.3d 460, 469 (5th Cir. 2016).

The district court's judgment is AFFIRMED.