# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60569
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL EARL WILSON, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-42-1

Before KING, SOUTHWICK, and DUNCAN, Circuit Judges.

PER CURIAM:*

Daniel Earl Wilson, Jr. pled guilty to one count of failure to register as a sex offender and was sentenced to 18 months of imprisonment and seven years of supervised release. On appeal, Wilson challenges three of the special conditions of supervised release imposed by the district court: (1) a prohibition on direct contact with any child under the age of 18, not including Wilson's own children, without court permission; (2) a prohibition on going to or remaining

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60569

at places frequented by children under the age of 18 without approval by a U.S. probation officer; and (3) a requirement that he submit to polygraph examinations to ensure his compliance with the conditions of his supervised release and a sex offender treatment program.

Reviewing the district court's imposition of these supervised release conditions for abuse of discretion, we affirm. *United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013). In light of Wilson's prior convictions for sex offenses against his daughter and his prolonged disappearance from parole on those convictions, the supervised release conditions imposed by the district court are reasonably related to the relevant statutory sentencing factors, do not involve a greater deprivation of liberty than is reasonably necessary to fulfill those purposes, and are consistent with the relevant Sentencing Commission policy statements. *See id.* at 225-26; *United States v. Winding*, 817 F.3d 910, 915 (5th Cir. 2016).

AFFIRMED.