# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2021

Lyle W. Cayce
Clerk

No. 20-10070
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL CHICA-GUTIERREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-210-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Daniel Chica-Gutierrez appeals his 125-month sentence for illegal presence in the United States following removal. First, he contends that the district court miscalculated the guidelines range of 100 to 125 months by applying an eight-level enhancement under U.S.S.G. §2L1.2(b)(3)(B) to his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Texas bail jumping conviction. The enhancement applies "[i]f, after the defendant was ordered deported or ordered removed from the United States for the first time," he "engaged in criminal conduct that, at any time, resulted in . . . a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more." § 2L1.2(b)(3)(B). We review the issue for plain error because Chica-Gutierrez did not alert the district court to any purported error under § 2L1.2(b)(3)(B). *See United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013).

According to Chica-Gutierrez, he did not engage in any conduct after his first order of removal in June 2011 that resulted in his 2013 conviction for bail jumping. He asserts that, because he had been deported to Mexico, he did not take any criminal action when he failed to appear in Texas court on a felony charge in December 2011. He asserts that he was, instead, refraining from the criminal act of illegally returning to the United States for his court date.

Under the Texas bail jumping statute, a releasee commits the offense if he "fails to appear in accordance with the terms of his release," but he has a defense if he "had a reasonable excuse for his failure to appear." Tex. Penal Code § 38.10(a), (c). Although Chica-Gutierrez does not frame his position as an attack on the validity of the bail jumping conviction, "to accept [his] argument would imply that the state court's finding of guilt was improper and thus that the conviction was invalid. [His] challenge is therefore properly characterized as a collateral attack on the prior conviction." *United States v. Longstreet*, 603 F.3d 273, 276 (5th Cir. 2010). The district court may not entertain such an attack when applying the Guidelines at sentencing. *See id.* at 276-77; *see also Custis v. United States*, 511 U.S. 485, 487, 497 (1994) (Armed Career Criminal Act case). We thus

No. 20-10070

conclude that there was no error, plain or otherwise, in the application of the § 2L1.2(b)(3)(B) enhancement.

Next, Chica-Gutierrez asserts that his sentence was substantively unreasonable because it was far longer than any of his previous sentences and it overemphasized the bail jumping conviction. Because he preserved this claim, we review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court considered Chica-Gutierrez's arguments before it concluded that the sentence was necessary to address the 18 U.S.C. § 3553(a) factors because of his criminal record, especially a violent robbery conviction. That reasoning implicated such proper factors as his history, the need for deterrence, and the need to promote respect for the law and protect the public. *See* § 3553(a). Chica-Gutierrez's arguments for a lower sentence amount to a disagreement with the district court's balancing of the sentencing factors and do not show that the court abused its discretion in imposing a within-guidelines sentence. *See Gall*, 552 U.S. at 51-52; *United States v. Maes*, 961 F.3d 366, 379 (5th Cir. 2020).

The judgment of the district court is AFFIRMED.