# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2022

Lyle W. Cayce
Clerk

No. 21-10947
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUSTIN DAVID MUSGRAVES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:21-CR-10-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Justin David Musgraves appeals the sentence imposed following his conviction for possession of child pornography involving a prepubescent minor. He challenges the imposition of supervised release conditions limiting his contact with minors, preventing him from possessing sexually

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

stimulating materials or patronizing places where such materials are available, and prohibiting him from using any computer that is not authorized by the probation officer. Musgraves also argues that the district court erred in calculating the amount of mandatory restitution he owed. Specifically, he contends that the district court failed to comply with *Paroline v. United States*, 572 U.S. 434 (2014), because it made no effort to determine the damages that he proximately caused the victims.

Because Musgraves did not object on these grounds in the district court, we review for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019). To demonstrate plain error, Musgraves must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett*, 556 U.S. at 135. If he makes this showing, we have discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Although Musgraves argues that the challenged special conditions are overly broad, we have applied a commonsense approach to interpreting similar conditions. *See United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015); *United States v. Ellis*, 720 F.3d 220, 225–27 (5th Cir. 2013). Accordingly, Musgraves fails to demonstrate clear or obvious error. *See Puckett*, 556 U.S. at 135.

As for the challenge to the restitution amounts, in *Paroline*, 572 U.S. at 459, the Supreme Court recognized the difficulty in determining the damages proximately caused by a defendant who is one of many that possessed images of a victim of a child pornography offense. However, it directed the district court to "assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." *Id.* Here, the victims

submitted extensive packets that detailed their substantial losses. Per the packets, the victims' losses were caused in part by individuals like Musgraves who possessed images of the victims. The district court ordered Musgraves to pay restitution in the amounts the victims requested, which was only a small percentage of each of their demonstrated total losses. There is no indication that any of the victims received duplicative recovery. Even assuming that the district court did not engage in a sufficient proximate cause analysis under *Paroline*, Musgraves fails to show that there is a reasonable probability that such error resulted in his accountability for damages he did not cause or that the district court would have imposed a lower restitution amount but for any error. *See Puckett*, 556 U.S. at 135; *United States v. Austin*, 479 F.3d 363, 373 (5th Cir. 2007). And Musgraves fails to show that any error affected the fairness, integrity, or public reputation of the proceedings. *See Puckett*, 556 U.S. at 135; *Leal*, 933 F.3d at 433.

AFFIRMED.