# United States Court of Appeals
# for the Fifth Circuit

No. 22-10309
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 21, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Sandy Scott,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-295-1

Before Jones, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:*

Sandy Scott pleaded guilty to one count of receipt of child pornography. The district court sentenced Scott to 188 months in prison to be followed by a lifetime term of supervised release. Scott appeals the imposition of a special condition of supervised release: the prohibition from

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

contact with minors besides his own children. The probation officer recommended this condition after photos were discovered indicating that Scott had sexually abused a minor.

At sentencing, when the district court stated that it would impose the supervised release conditions outlined in the standing order and in the presentence report, Scott raised no objection to the supervised release conditions. Thus, we review for plain error. *See United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020).

Scott argues that the district court plainly erred when it imposed a special condition which prohibited him from having contact with minors under the age of eighteen except that Scott was permitted to have contact with his children if done with the consent of the probation officer. He contends that this condition is unreasonably restrictive and causes a deprivation of liberty greater than necessary. Scott has not demonstrated a clear or obvious error. *See United States v. Fields*, 777 F.3d 799, 805-06 (5th Cir. 2015). We have routinely upheld similar and more restrictive conditions in cases similar to Scott's, including cases where the defendants had not sexually assaulted children and where the defendants' contact with their own minor children was restricted. *See United States v. Ellis*, 720 F.3d 220, 225-26 (5th Cir. 2013); *United States v. Buchanan*, 485 F.3d 274, 287-88 (5th Cir. 2007); *United States v. Paul*, 274 F.3d 155, 165-67 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.