# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

No. 21-20634
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew Blake Delacruz,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-334-1

———————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Andrew Blake Delacruz pleaded guilty to possessing, producing, and distributing child pornography and was sentenced to a total of 720 months of imprisonment followed by concurrent, lifetime terms of supervised release. For the first time on appeal, he challenges the imposition of a discretionary condition of supervised release which imposes a lifetime ban on his use of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5. Judge Oldham concurs in the judgment only.

computers and other electronic communications, data-storage, and media devices without prior approval from his probation officer.

Our review is for plain error, as Delacruz did not object to the condition when the district court pronounced it at sentencing. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). To demonstrate plain error, Delacruz must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, alteration, and citation omitted).

Delacruz argues that the challenged condition is unreasonably restrictive to the extent it requires him to request permission every time he needs to use a covered device. The Government argues that when the condition is read in conjunction with a related supervised release condition regarding ongoing computer monitoring, it is reasonably clear that the district court did not intend to require Delacruz to seek prior approval for *every* instance of Internet access.

While we have found an absolute lifetime ban on computer and Internet access to be a greater deprivation of liberty than is reasonable, *United States v. Duke*, 788 F.3d 392, 400–01 (5th Cir. 2015) (per curiam), we have previously approved restrictions that were, like Delacruz's, conditioned on approval by the court or by a probation officer, *see United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013) (per curiam). However, even where access is conditioned on probation officer approval, such conditions are still "unreasonably restrictive" to the extent they require the defendant "to request permission every time he needs to use a computer, or every time he

needs to access the Internet." *United States v. Sealed Juvenile*, 781 F.3d 747, 756 (5th Cir. 2015).

Against this backdrop, it is not obvious to us that the district court's decision to impose this condition was error. Even if there were error, we cannot hold that the error was plain. Although it is not entirely clear whether the challenged condition, as written, would require separate, pre-use approvals by Delacruz's probation officer each time Delacruz sought to use a covered device or access the Internet, "[t]his circuit has repeatedly stated conditions of supervised release . . . should be read in a commonsense way." *Ellis*, 720 F.3d at 226 (internal quotation marks and citation omitted). Applying this commonsense interpretation, we conclude the challenged condition does not require Delacruz to seek prior approval every time he uses a covered device or accesses the Internet. *See United States v. Naidoo*, 995 F.3d 367, 384 (5th Cir. 2021); *Sealed Juvenile*, 781 F.3d at 756–57. So construed, the conditions are not unreasonable or over restrictive. Accordingly, we hold that the district court did not commit any plain error.

The judgment of the district court is AFFIRMED.