# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30743
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Tyler Scott Johnson,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CR-172-1

———————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Tyler Johnson appeals his sentence for attempted production of child pornography. He questions only the condition of supervised release that prohibits him from associating with "someone who condones and/or supports the sexual abuse/exploitation of children under 18 years of age."

Because Johnson did not object to that condition in the district court,

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

review is for plain error only. *See United States v. Ellis*, 720 F.3d 220, 224–25 (5th Cir. 2013). Under the plain-error standard, a party must first show an error that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

"A district court has wide discretion in imposing terms and conditions of supervised release." *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). Subject to the limitations in 18 U.S.C. § 3583(d), a court may impose a discretionary condition requiring that a defendant "refrain from frequenting specified kinds of places or from associating unnecessarily with specified persons." 18 U.S.C. § 3563(b)(6).

Johnson has not cited any controlling authority related to the propriety of this specific condition. Because of the lack of binding or persuasive precedent, Johnson cannot show that the district court committed clear or obvious error. *See United States v. Miller*, 665 F.3d 114, 135–37 (5th Cir. 2011).

AFFIRMED.