# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10616
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LARRY RICHIE FIELDS,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CR-79

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Larry Richie Fields appeals the within-guidelines 240-month sentence imposed following his guilty plea conviction for transportation of child pornography in violation of 18 U.S.C. § 2252A(a). He argues that his sentence is substantively unreasonable because the district court failed to consider the following mitigating circumstances when determining his sentence: his educational background; his substance abuse problems; his mental health issues; the fact that he accepted responsibility for his crime; the fact that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10616

presented arguments in his objections to the presentence report that criticized the application of the Guidelines in this type of case; and the fact that his case did not involve a substantial criminal history or a lack of remorse.  While he concedes that his within-guidelines sentence is subject to a presumption of reasonableness, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), he argues that the presumption should not apply because U.S.S.G. § 2G2.2 is not empirically based.  He recognizes that this issue is foreclosed by our precedent, *see United States v. Ellis*, 720 F.3d 220, 228 (5th Cir. 2013) (per curiam), and he is raising it solely for the purpose of preserving it for further review.

We review a preserved challenge to the substantive reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  To the extent that Fields's instant arguments vary from those that he raised in the district court or are raised for the first time on appeal, those claims are subject to plain error review.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Regardless of the standard of review used, however, there is no reversible error with respect to the sentence imposed.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The district court considered the mitigating circumstances noted by Fields, as well as the 18 U.S.C. § 3553(a) sentencing factors, and it concluded that a within-guidelines sentence was appropriate.  Fields's contentions amount to a mere disagreement with the weighing of the § 3553(a) factors and do not rebut the presumption of reasonableness that applies to his within-guidelines sentence.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *Cooks*, 589 F.3d at 186.  As the district court committed no error, plain or otherwise, in sentencing Fields to 240 months in prison, the judgment of the district court is AFFIRMED.