# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30652
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DARIEN L. RELIFORD, also known as Big Troy,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-317-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Darien L. Reliford pleaded guilty to conspiracy to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him, *inter alia*, to a within-Guidelines sentence of 327 months' imprisonment. Reliford contends his sentence is substantively unreasonable.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-30652

As Reliford concedes, he did not preserve in district court his substantive-unreasonableness challenge; nor did he preserve the issues discussed *infra*. Therefore, our review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Reliford must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

First, the court did not plainly err by considering Reliford's criminal history in its sentencing decision, even though that information was factored into the Guidelines calculation. *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). Second, he has not shown his sentence is excessive when compared to similarly-situated defendants convicted of drug offenses. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

Finally, Reliford contends the court did not adequately consider that much of his criminal history stemmed from substance abuse. This assertion, however, reflects his mere disagreement with the propriety of his sentence. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Fields*, 637 F. App'x 172, 173 (5th Cir. 2016). Accordingly, Reliford has not rebutted the presumption that his within-Guidelines sentence is reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

In short, Reliford fails to show the requisite clear or obvious error.

AFFIRMED.