# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DESTINEY HAMILTON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CR-245-4

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Destiney Hamilton appeals a special condition of supervised release requiring her to be "subject to financial disclosure throughout the term of supervision." She argues that the condition is (1) vague and ambiguous, (2) not supported by the record or by a factual finding from the court, (3) not reasonably related to the appropriate 18 U.S.C. § 3553(a) factors or narrowly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31255

tailored, and (4) redundant of the standard condition requiring her to maintain employment.

Where error is not preserved due to the failure to make a timely objection, we review the imposition of a condition of supervised release for plain error. *See United States v. Ellis*, 720 F.3d 220, 224-25 (5th Cir. 2013). The district court's special conditions of supervised release "must be reasonably related" to the factors set forth in § 3553(a). *United States v. Paul*, 274 F.3d 155, 164-65 (5th Cir. 2001) (citing 18 U.S.C. § 3583(d)).

In this case, the record shows that the district court considered appropriate § 3553(a) factors, including the need for deterrence, the nature of Hamilton's offense, and her history and characteristics, in imposing the challenged condition. *See* § 3583(d). To the extent that Hamilton contends that the imposition of the financial disclosure condition resulted in a sentence that was greater than necessary to achieve the goals of sentencing, she does not identify any affected liberty interests and has therefore abandoned this argument. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010); *Paul*, 274 F.3d at 165. Moreover, she has not shown that the financial disclosure condition would be overly burdensome and redundant because the financial disclosure condition serves purposes other than ensuring her continued employment. Hence, she has not shown error, much less clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To the extent she claims that the district court committed procedural error by failing to state reasons for the condition, she fails to argue or show that providing reasons specific to the challenged special condition would have changed the outcome of the case, and therefore she has not shown that any plain error affected her substantial rights. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009).

No. 18-31255

As for Hamilton's vagueness challenge, a commonsense interpretation of the condition is that it refers to bank account statements, credit reports, payroll stubs, and similar indications of Hamilton's financial condition. *See Paul*, 274 F.3d at 166-67. Moreover, because we have not invalidated a similar condition for vagueness, Hamilton has not shown that any error is clear or obvious under present law. *See United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.